IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

| | |
|---|---|
| SUSAN CAMERON | PLAINTIFF |
| vs. | No. 2:09cv00234-KS-MTP |
| TOMMY WALL, R.M. TREADWELL,<br>NORFOLK SOUTHERN RAILWAY COMPANY,<br>JONES COUNTY, MISSISSIPPI, and THE STATE<br>OF MISSISSIPPI through the MISSISSIPPI<br>DEPARTMENT OF TRANSPORTATION | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Jones County, Mississippi's Motion to Dismiss on Basis of Failure to Provide Notice of Claim [Doc. # 8] (November 24, 2009) and memorandum in support. [Doc. # 9](November 24, 2009). The motion is opposed by Plaintiff Susan Cameron. [Doc. # 15]. For reasons to follow, the motion to dismiss is well taken and should be **granted**.

**I. FACTS**

On March 24, 2008, an Amtrak train, engineered by Wall and Treadwell, struck Plaintiff Susan Cameron's car as she attempted to cross the tracks at Eastabuchie Road in Jones County, Mississippi. Compl. ¶¶ 9-13. On August 27, 2009, Cameron filed suit in the Circuit Court of Jones County alleging various acts of negligence by the train conductors, Wall and Treadwell, Norfolk Southern Railway Company, Jones County, and Mississippi Department of Transportation. The case was removed on November 16, 2009. Cameron alleges that Jones

1

County, the movant, had actual knowledge of the dangerous conditions at this intersection of Eastabuchie Road and the railroad track, but failed to warn traffic through adequate signage or safety devices. Compl ¶ 16. Jones County seeks dismissal of the claims against it because Cameron failed to provide it a notice of claim ninety days before filing suit as required by MISS. CODE ANN. § 11-46-11(1) and failed to bring suit within one year of the alleged actionable conduct.

This Court has original jurisdiction over claims brought against the National Railroad Passenger Corporation ("Amtrak") because it was created by an act of Congress and the United States owns greater than 50% of its capital stock. Therefore jurisdiction over the claims against Amtrak is proper under 28 U.S.C. §§ 1331 and 1349.[1] The Court has supplemental jurisdiction over the related negligence claims against the other Defendants, as the claims are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." *See* 28. U.S.C. § 1367.

## II. STANDARD OF REVIEW

Defendant Jones County has moved this Court to dismiss this matter under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. FED. R. OF CIV. P. 12(b)(6). The Rule 12(b)(6) motion's purpose is "to test the formal sufficiency of the statement of the claim for

---

[1]Because National Railroad Passenger Corporation ("Amtrak") was the owner and operator of the train, Norfolk Southern Railway Company filed a third party complaint against them alleging contractual indemnification and that some of the plaintiff's asserted claims were actually against Amtrak. Plaintiff has since agreed to amend her complaint to bring in Amtrak as a direct defendant. The Court ordered that Plaintiff have until January 4, 2010 to file her amended complaint.

2

relief; the motion is not a procedure for resolving a contest between the parties about the facts or the substantive merits of the plaintiff's case." WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 3d § 1356 (2004). As the Fifth Circuit has stated, "We may not go outside the pleadings. We accept all well pleaded facts as true and view them in the light most favorable to the plaintiff. We cannot uphold the dismissal 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Colle v. Brazos County, Texas*, 981 F.2d 237, 243 (5th Cir. 1993); (internal footnotes and citations omitted). *See also, Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994).

If any matters outside the complaint are considered, the motion is converted to one for summary judgment. Regarding such conversion, Rule 12(d) provides specifically:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

FED.R.CIV. P. 12(d). Thus, "[t]he element that triggers the conversion is a challenge to the sufficiency of the pleader's claim supported by extra-pleading material. As many cases recognize, it is not relevant how the defense actually is denominated in the motion." WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE: Civil 3d § 1366 (2004); *see also Burns v. Harris County Bail Bond Bd.*, 139 F.3d 513, 517 (5th Cir. 1998) ("When matters outside the pleadings are presented to and not excluded by the district court, the district court must convert a motion to dismiss into a motion for summary judgment."). Since the 12(b)(6) motion usually only tests the allegations of the complaint, "a post-answer Rule 12(b)(6) motion is untimely and the cases indicate that some other vehicle, such as a motion for judgment on the pleadings or for summary

3

judgment, must be used to challenge the plaintiff's failure to state a claim for relief." WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 3d § 1357 (2004). This Court will treat this motion as a motion for summary judgment, as Jones County has filed an answer to the complaint [Doc. # 7] and has attached affidavits to its motion, providing the Court with evidence outside the pleadings for the Court's consideration.

Rule 56(c) authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986). Where the evidence establishes that one of the essential elements of the plaintiff's claim does not exist as a matter of law, any other contested issues of fact are rendered immaterial. *See Celotex*, 477 U.S. at 323; *Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992). In making its determinations of fact on a motion for summary judgment, the Court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law to prevail on his motion. *Union Planters Nat'l Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalian*, 954 F.2d at 1131.

Once a properly supported motion for summary judgment is presented, the nonmoving party must rebut by bringing forward "'significant probative evidence' demonstrating the

existence of a triable issue of fact." *In Re Mun. Bond Reporting Antitrust Lit.*, 672 F.2d 436, 440 (5th Cir. 1982)*; Ferguson v. Nat'l Broad. Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978). To defend against a proper summary judgment motion, one may not rely on mere denial of material facts nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. The nonmoving party's response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial. FED.R.CIV.P. 56(e); s*ee also Union Planters Nat'l Leasing*, 687 F.2d at 119.

### III. APPLICATION

The Mississippi Tort Claims Act provides the exclusive remedy for civil actions filed against a government entity. *See* MISS. CODE ANN. § 11-46-7; *see also City of Jackson v. Sutton*, 797 So.2d 977, 980 (Miss. 2001) ("[T]he Tort Claims Act is the exclusive route for filing suit against a government entity and its employees."). Specifically, the statute states that, "any claim made or suit filed against a government entity or its employee to recover damages for any injury for which immunity has been waived under this chapter shall be brought only under the provisions of this chapter, notwithstanding the provisions of any other law to the contrary." MISS. CODE ANN. § 11-46-7(1).

Even assuming that Jones County's immunity against Cameron's claims has been waived under the Act, Cameron's negligence claims against the county must fail because Cameron failed to provide timely notice of the claim to the government entity as required by the Tort Claims Act. The statute provides that:

> After all procedures within a governmental entity have been exhausted, any

5

> person having a claim for injury arising under the provisions of this chapter against a governmental entity or its employee shall proceed as he might in any action at law or in equity; ***provided, however, that ninety (90) days prior to maintaining an action thereon, such person shall file a notice of claim with the chief executive officer of the governmental entity***.

MISS. CODE ANN. § 11-46-11(1) (emphasis added). When the entity being sued is a county, the statute allows notice to the chancery clerk of the county. *Id.* The notice must be in writing, delivered in person or by registered or certified mail, and must contain a short and plain statement of the basis of the claim. MISS. CODE ANN. § 11-46-11(2). While substantial compliance with the notice requirements is sufficient, *see Lee v. Memorial Hosp. at Gulfport,* 999 So.2d 1263, 1267 (Miss. 2008), "a complete failure to comply is not the same as substantial compliance." *Wright v. Quesnel*, 876 So. 2d 362, 366 (Miss. 2004); *see also Black v. City of Tupelo*, 853 So.2d 1221, 1226 (Miss. 2003) (barring suit when plaintiff failed to file notice of claim). The claims against the government entity may be dismissed if the plaintiff does not comply with the notice requirements. *See Wright,* 876 So. 2d at 366 (affirming summary judgment because filing suit 11 days after notice is not substantial compliance); *Clanton v. DeSoto County Sheriff's Dep't*, 963 So.2d 560, 563 (Miss. App. 2007) (barring tort claims against sheriff's department when notice filed 37 days after complaint filed). "[T]he ninety-day notice requirement under section 11-46-11(1) is a 'hard-edged, mandatory rule which the Court strictly enforces.'" *Univ. of Miss. Med. Ctr. v. Easterling*, 928 So.2d 815, 820 (Miss. 2006) (quoting *Ivy v. GMAC*, 612 So.2d 1108, 1116 (Miss. 1992)).

In its Motion to Dismiss, Jones County alleges that Cameron failed to provide notice of the claim before filing the suit. In support, Jones County provided the affidavit of Larry Ishee, Jones County Chancery Clerk, stating that he did not receive a notice of claim. Ishee Aff. ¶ 2

[Doc. # 8-3]. They also provided the affidavit of Andy Dial, the Jones County Board of Supervisors President, who avers that he did not receive a notice of claim. Dial Aff. ¶ 3 [Doc. # 8-4]. In her response to Jones County's motion, the plaintiff admits that she did not send notice. Pl.'s Resp. ¶ 4 [Doc. # 15]. However, she alleges that "remedies other than those existing under the Mississippi Tort Claims Act may exist against Jones County." Pl.'s Resp. ¶ 5. Despite this claim, she does not elaborate on what these remedies may be. In the Complaint, Cameron alleges only acts of negligence against Jones County. Compl.¶ 16. A bare assertion that there are claims against the County that can be brought outside of the Tort Claims Act without stating those claims or citing case law that demonstrates that the Tort Claims Act would be inapplicable, is not sufficient to avoid summary judgment. Because compliance with the notice provision of the Tort Claims Act is a substantive requirement and Cameron admits that she failed to comply, there is no genuine issue for trial, and summary judgment is appropriate.

Even were the notice requirements met, Cameron failed to bring her suit within the one year statute of limitations under the Tort Claims Act. The Tort Claims Act provides that "[a]ll actions brought under the provision of this chapter shall be commenced within one (1) year next after the date of the tortious, wrongful, or otherwise actionable conduct on which the liability phase of the action is based, and not after." MISS. CODE ANN. § 11-46-11(3). The statute provides that the notice of claim pursuant to § 11-46-11(1) tolls the statute of limitation for 90 days. *Id.* The accident occurred on March 24, 2008, and the suit was filed on August 27, 2009. The statute of limitations would not be tolled by the filing of a notice of claim because, as discussed above, no notice was given. Therefore, the negligence claims by Cameron against Jones County should be dismissed.

## IV. CONCLUSION

IT IS, THEREFORE, ORDERED AND ADJUDGED that the Defendant Jones County's Motion to Dismiss [Doc. # 8] is **granted**.

IT IS FURTHERMORE ORDERED that all claims against Jones County be **dismissed with prejudice.** A separate judgment will follow.

SO ORDERED AND ADJUDGED on this, the 4th day of January, 2010.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE