**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**SUSAN CAMERON**                                                                           **PLAINTIFF**

**vs.**                                                                 **No. 2:09-CV-234-KS-MTP**

**TOMMY WALL, et al.**                                                 **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Presently before the Court are a Motion for Summary Judgment [103] filed by Defendants Norfolk Southern Railway Company ("NSR") and The Alabama Great Southern Railway Company ("AGS"), a Joinder [109] filed by the Mississippi Department of Transportation ("MDOT"), and a Motion for Partial Summary Judgment [112] filed by Defendants National Railroad Passenger Corporation ("Amtrak"), Tommy Wall, and R. M. Treadwell (collectively, the "Amtrak Defendants"). For the reasons stated below, the Court **grants** the Motion for Summary Judgment [103] filed by NSR and AGS. The Court additionally **grants** summary judgment in favor of MDOT as to Plaintiff's remaining claim against it. Finally, the Court **grants in part and denies in part** the Motion for Partial Summary Judgment [112] filed by the Amtrak Defendants. Accordingly, Defendants NSR, AGS, and MDOT are dismissed from this action.

**I. BACKGROUND**

This case involves a collision between a train and an automobile in Jones County, Mississippi. The Court has given a detailed account of the facts surrounding the accident, and, in the interests of brevity, will not do so again here. *See Cameron v. Wall*, No. 2:09-CV-234-KS-MTP, 2010 U.S. Dist. LEXIS 124811 (S.D. Miss. November 24, 2010).

As outlined by the Court in its previous opinion, Plaintiff alleged a variety of negligent acts

by Defendants. *Id.* at *6-*7. The Court granted summary judgment in favor of Defendants as to many of Plaintiff's claims. *Id.* at *20. Accordingly, the following claims remain at issue in this case: 1) Plaintiff's allegation that Defendant MDOT failed to direct the railroad owner to make necessary repairs; 2) Plaintiff's allegation that Defendants NSR and AGS failed to remove vegetation around the crossing; 3) all of Plaintiff's allegations regarding the actions and/or omissions of Defendants Wall and Treadwell; and 4) Plaintiff's allegations that Defendant Amtrak failed to supervise its employees, failed to properly instruct its employees, and negligently entrusted the train to its operators. *Id.*

## II. STANDARD OF REVIEW

Summary judgment is appropriate when the evidence before the Court shows "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED R. CIV. P. 56(a). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.* There can be no genuine issue as to a material fact when a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106. S. Ct. 2548, 91 L. Ed. 2d 265 (1986). This is true "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323, 106 S. Ct. 2548.

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* (quoting *Anderson*, 477 U.S. at 247, 106 S. Ct. 2505). "[I]f the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). If the moving party fails to meet its "initial burden, the motion must be denied, regardless of the nonmovant's response." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. The nonmoving party must show more than "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L .Ed. 2d 538 (1986), and cannot satisfy its burden with "conclusory allegations [or] unsubstantiated assertions." *Little*, 37 F.3d at 1075. "[T]he nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Id.*

In evaluating the evidence tendered by the parties, the court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson,* 477 U.S. at 255, 106 S. Ct. 2505. While courts will "resolve factual controversies in favor of the nonmoving party," an actual controversy exists only "when both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075.

### III. THE RAILROAD COMPANIES' MOTION FOR SUMMARY JUDGMENT

On December 14, 2010, Defendants NSR and AGS filed their Motion for Summary

Judgment [103], arguing that there is no genuine issue of disputed fact regarding Plaintiff's remaining claim against them – that they failed to remove vegetation which obstructed Plaintiff's view as she approached the crossing. Defendants presented a collection of photographs of the railroad crossing in question which were taken shortly after the accident. They properly authenticated the photographs with an affidavit from Lucy O'Dowd, the Litigation Claims Agent who took them. *See* FED. R. EVID. 901(a); *Mauldin v. Upjohn Co.*, 697 F.2d 644, 648 (5th Cir. 1983) ("The Federal Rules of Evidence do not require absolute certainty in authentication, but rather 'evidence sufficient to support a finding that the matter in question is what its proponent claims.'"). Plaintiff neither disputes the photographs' authenticity nor opposes the Motion for Summary Judgment.

The photographs presented by Defendants NSR and AGS clearly show that there was no vegetation obstructing Plaintiff's view at the time of the collision. Furthermore, Plaintiff admitted in deposition testimony that there was no vegetation at the crossing which would obstruct her view of an approaching train. Indeed, she testified that she was able to see down the track to ascertain whether a train was coming. Therefore, as there is no genuine issue of disputed material fact as to this issue, the Court grants the Motion for Summary Judgement [103] filed by Defendants NSR and AGS.

## IV. MDOT'S JOINDER

Defendant MDOT joined the railroad owners' Motion for Summary Judgment [109]. Rather than simply urging that the Court grant summary judgment in favor of the railroad owners, MDOT requests that the Court grant summary judgment in its favor as to Plaintiff's claim that it failed to direct the railroad owners to repair the railroad. MDOT contends that it can not be liable for failing

to direct the railroad owners to repair the railroad by removing vegetation if the railroad owners are not liable for failing to remove vegetation. While Plaintiff responded to the Motion for Summary Judgment filed by the railroad owners and represented that she has no objection to their motion, she did not respond to MDOT's joinder. However, as MDOT requests a dispositive ruling, the Court may not grant its motion as unopposed. *See* L.U.Civ.R. 7(b)(3)(E).

In its Order and Memorandum Opinion [96] of November 24, 2010, the Court assumed that the "necessary repairs" Plaintiff referred to were related to the removal of vegetation. When she responded [69] to MDOT's original Motion for Summary Judgment [54], Plaintiff did not specify the repairs which MDOT allegedly failed to direct the railroad owners to make. Likewise, Plaintiff did not specify the repairs in her Amended Complaint [24]. At deposition, Plaintiff testified that there was nothing located near the crossing that would have obstructed her ability to see the train once she came to a stop, and there was nothing about the crossing itself which would have impeded her ability to see the train. She further testified that she was not aware of anything unsafe or dangerous about the crossing itself. However, she later testified that she believed the railroad owners should have placed crossing arms and lights at the crossing. As the Court noted in its prior opinion, a claim under state law that "the State should have originally installed different or additional devices" is preempted by the regulations promulgated by the Federal Highway Administration if federal funds were approved and spent on railroad warning signs. *Cameron*, 2010 U.S. Dist. LEXIS 124811 at *10-*11 (citing *Norfolk S. Ry. Co. v. Shanklin*, 529 U.S. 344, 357-58, 120 S. Ct. 1467, 146 L. Ed. 2d 374 (2000); *Hester v. CSX Transp., Inc.*, 61 F.3d 382 (5th Cir. 1995)). Therefore, any claim for relief under state law based on Plaintiff's assertion that there should have been crossing arms and lights at the crossing is preempted by federal law.

Accordingly, there is nothing in the record to indicate that Plaintiff, when referring to MDOT's alleged failure to direct repairs, referred to any conditions beyond the alleged vegetation, and, as the Court noted above, there is no genuine dispute of material fact as to the lack of vegetation at the railroad crossing. Therefore, as Plaintiff has failed to allege or present evidence of any other purported repair issues, the Court grants summary judgment in favor of MDOT as to Plaintiff's claim that it failed to direct the railroad owners to make necessary repairs.

### V. AMTRAK'S MOTION FOR PARTIAL SUMMARY JUDGMENT

On December 28, 2010, Defendants Amtrak, Wall, and Treadwell filed their Motion for Partial Summary Judgment as to Plaintiff's Excessive Speed Claims [112]. Defendants argue that the train – as it approached the crossing – was traveling below the maximum allowable speed under federal law and, therefore, any of Plaintiff's claims based on the train's speed are preempted. In response, Plaintiff argues that federal law only preempts claims based on the "negligence per se" of traveling at excessive speeds, rather than claims arising from a failure to slow or stop a train to avoid specific, individual hazards. Indeed, Defendants concede that:

> . . . the question whether the railroad owed a duty to slow or stop a train to avoid a specific, individual hazard, such as the vehicle involved in the crossing collision in this case, presents a liability theory distinct from a more generalized claim that the railroad was negligent in operating the train at an excessive speed prior to the time a specific, individual hazard presented itself.

*Wiggins v. Union Pac. R.R. Co.*, No. 2:02-CV-79, 2003 WL 25720982, at *3 (E.D. Tex. Jan. 31, 2003) (citing *Michael v. Norfolk S. Ry. Co.*, 74 F.3d 271, 274 (11th Cir. 1996)). Therefore, it does not appear as if there is any dispute over the substantive law at issue. Rather, the parties disagree as to its application to one of Plaintiff's causes of action.

Congress authorized the Secretary of Transportation "to prescribe regulations and issue

orders for every area of railroad safety." 49 U.S.C. § 20103(a). The Secretary promulgated regulations which set maximum allowable speeds at which trains may travel on different types of track. *See* 49 C.F.R. § 213.9. Congress provided that states "may adopt or continue in force a law, regulation or order related to railroad safety or security until the Secretary . . . prescribes a regulation or issues an order covering the subject matter of the State requirement." 49 U.S.C. § 20106(a)(2). Therefore, the United States Supreme Court held that Congress preempted state common law torts that impose a "duty to operate [a] train at a moderate and safe rate of speed." *See CSX Transp. v. Easterwood*, 507 U.S. 658, 673-74, 113 S. Ct. 1732, 123 L. Ed. 2d 387 (1993); *see also Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 637-38 (5th Cir. 2005). However, the Court expressly declined to address whether suits "for breach of related tort law duties, such as the duty to slow or stop a train to avoid a specific, individual hazard" were preempted by federal regulation. *Easterwood*, 507 U.S. at 675 n. 15, 113 S. Ct. 1732.

The Fifth Circuit Court of Appeals briefly addressed this issue in *Hesling*, 396 F.3d at 640-41. While not expressly stating that torts stemming from "specific, individual" hazards were excepted from the regulations' general preemptive effect, the Fifth Circuit's analysis appears to assume that such torts are not preempted. The court held that a "specific, individual" hazard is a "discrete and truly local hazard." *Id.* at 640 (quoting *Seyler v. Burlington N. Santa Fe Corp.*, 102 F. Supp. 2d 1226, 1236 (D. Kan. 2000)). "It 'relates to the avoidance of a specific collision.'" *Id.* (quoting *Armstrong v. Atchison, Topeka & Santa Fe Ry. Co.*, 844 F. Supp. 1152, 1153 (N.D. Tex. 1994)). If the hazard "can be or is present at many, or most sites" it is not a specific, individual hazard. *Id.* (citing *Earwood v. Norfolk S. Ry. Co.*, 845 F. Supp. 880, 888 (N.D. Ga. 1993); *Bowman v. Norfolk S. Ry. Co.*, 832 F. Supp. 1014 (D. S.C. 1993)). The Fifth Circuit noted that "[m]ost courts

have rejected plaintiffs' claims of a specific, individual hazard, finding instead that the circumstances are preempted." *Id.* Indeed, this Court has held that suits for the breach of "a related tort law duty such as the duty to slow or stop a train to avoid a specific, individual hazard" were not preempted by federal regulations. *Williams v. CSX Transp., Inc.*, 925 F. Supp. 447, 453 (S.D. Miss. 1996). Defendants do not dispute that Plaintiff's automobile was a specific, individual hazard.

Therefore, the substantial dispute here is whether Plaintiff's allegation that Defendants "fail[ed] to maintain a safe speed through the intersection" relates to a duty to slow or stop to avoid a specific, individual hazard or a more general duty to operate the train at a slower speed. Plaintiff argues that the claim is based on the specific circumstances of this accident. She contends that the Amtrak Defendants breached their duty to slow or stop the train to avoid a specific, individual hazard: her automobile. In response, Defendants concede that Plaintiff's claims that the train crew failed to keep a proper lookout or apply the train's emergency braking system in time are not preempted. However, Defendants argue that Plaintiff's claim that the train crew "fail[ed] to maintain a safe speed through the intersection" can be read as one that the train was traveling in excess of the applicable speed limit and, therefore, is preempted.

The Court is uncertain whether Defendants stand to gain anything with this motion insofar as they concede that Plaintiff properly plead a claim that they allegedly breached their duty to slow or stop to avoid a specific, individual hazard. Even if the Court were to grant the Amtrak Defendants' Motion for Partial Summary Judgment, Plaintiff's claims related to Defendants duty to slow or stop to avoid her automobile could still be fairly read into her claim that Defendants failed to exercise reasonable care under the circumstances, operated the train in a reckless manner, or failed to stop prior to colliding with Plaintiff's automobile. Nonetheless, the Court grants the Amtrak

Defendants' Motion for Partial Summary Judgment with respect to any claim by Plaintiff that Defendants had a general duty to operate the train at a slower speed unrelated to the presence of her automobile. However, the Court denies Defendants' Motion for Partial Summary Judgment with respect to any claim by Plaintiff that they had a duty to slow or stop the train to avoid the specific, individual hazard of her automobile.

## VI. CONCLUSION

For the reasons stated above, the Court **grants** the Motion for Summary Judgment [103] filed by NSR and AGS. The Court additionally **grants** summary judgment in favor of MDOT as to Plaintiff's remaining claim against it. Finally, the Court **grants in part and denies in part** the Motion for Partial Summary Judgment [112] filed by the Amtrak Defendants. Accordingly, Defendants NSR, AGS, and MDOT are dismissed from this action.

SO ORDERED AND ADJUDGED this the 7th   day of February, 2011.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE